IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **YOLANDA JONES-MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CHECK RESOLUTION** | ) |
| **SERVICE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, YOLANDA JONES-MOORE, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CHECK RESOLUTION SERVICE, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. YOLANDA JONES-MOORE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waukegan, County of Lake, State of Illinois.

5. The debt that Plaintiff allegedly owed was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. CHECK RESOLUTION SERVICE, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of New York.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

13. On or about September 6, 2010 and on or about September 10, 2010, Defendant initiated telephone calls to Plaintiff's mother-in-law.

14. During the course of the aforementioned telephone calls, Defendant stated that it was filing a lawsuit against Plaintiff.

15. Defendant further informed Plaintiff's mother-in-law that Plaintiff was going to be served with a lawsuit because she had engaged in check fraud.

16. During the course of the aforementioned telephone calls, Defendant's representative did not state that he was calling to confirm or correct location information for Plaintiff.

17. On or about September 14, 2010, Mr. Michael Turner, a duly authorized representative of Defendant, initiated a telephone call to Plaintiff and left a voicemail message for Plaintiff.

18. Defendant stated it was calling because it had received information that Plaintiff was "writing bad checks with the intent to defraud a financial institution."

19. Defendant warned Plaintiff to contact it because it was actively seeking to serve Plaintiff with a Summons.

20. Defendant stated it had been ordered to go to Plaintiff's place of employment or Plaintiff's residence to serve Plaintiff with a Summons.

21. Defendant then stated that once Plaintiff was served with the Summons that she would have only one option which was to appear in Court.

22. Defendant then provided Plaintiff with a putative case number.

23. Defendant ended the aforesaid voicemail message by wishing Plaintiff good luck.

24. At no time during the course of the aforementioned voicemail message did Mr. Turner provide information relative to Defendant's identity.

25. During the course of the aforementioned voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

26. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that Mr. Michael Turner was an attorney.

27. Upon information and belief, Mr. Michael Turner is not an attorney.

28. Despite having contact with Plaintiff and despite being fully cognizant of Plaintiff's location, on or about September 14, 2010, Defendant proceeded to initiate a telephone call to Plaintiff's place of employment.

29. On or about September 14, 2010, Defendant engaged in a telephone conversation with Plaintiff's co-worker.

30. Defendant informed Plaintiff's co-worker that it was calling Plaintiff because Plaintiff had written bad checks.

31. Defendant further stated that because Plaintiff wrote bad checks that Defendant was going to serve Plaintiff with Court documents.

32. During the course of the aforementioned telephone call, Defendant's representative did not state that he was calling to confirm or correct location information for Plaintiff.

33. Defendant's representations that Plaintiff would be served with a Summons was false, deceptive and/or misleading given that at the time Defendant made the aforementioned representations no lawsuit had been filed against Plaintiff and as such no Summons had been issued for Plaintiff.

34. Defendant's statements, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal and/or fraudulent conduct.

35. Plaintiff has not engaged in criminal and/or fraudulent conduct in relation to the debt on which Defendant was attempting to collect.

36. Defendant's representations that Plaintiff had engaged in criminal and/or fraudulent conduct were false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which Defendant was attempting to collect.

37. Defendant's representations that Plaintiff had engaged in criminal and/or fraudulent conduct were statements made by Defendant to Plaintiff and to third-parties in an attempt to disgrace Plaintiff.

38. Defendant's statements, as delineated above, were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

39. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

40. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

41. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

42. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

43. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

44. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

45. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

46. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

47. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

48. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   e. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   f. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

6

    g. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    h. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    i. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    j. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    k. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    l. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    m. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    n. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    o. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

49. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YOLANDA JONES-MOORE, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**YOLANDA JONES-MOORE**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: November 1, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail:     dmarco@smithlaw.us